UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:16-cv-00695-EAK-TGW

MIGUEL RAFAEL on his own behalf and others
similarly situated,

    Plaintiff,

v.

LEGOMATIC CONSTRUCTION, LLC., and
ZMG CONSTRUCTION , INC.,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AS TO DEFENDANT LEGOMATIC CONSTRUCTION, LLC AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs, Miguel Rafael, Braulis Ambrosio, Ignacio B. Nava, Efren Lara, Artemio Villanneva, Cecilio Hormiga, Zeferino Pene, Jose Luis Soto, Floriberto Ambrosio, Humerto Morales ("Plaintiffs") and Defendant, LEGOMATIC CONSTRUCTION, LLC, through their respective undersigned counsel, jointly move this Honorable Court to approve the settlement reached by the parties of the Fair Labor Standards Act ("FLSA") claims in this case and to dismiss the instant action with prejudice as to LEGOMATIC CONSTRUCTION, LLC, and in support thereof state as follows:

    1. In the Complaint, Plaintiffs alleged that unpaid overtime compensation was due to them pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. (the "FLSA"). (D.E. 25).

    2. Plaintiffs and LEGOMATIC CONSTRUCTION, LLC have successfully come to an agreement to resolve their dispute as to Plaintiffs' FLSA claims, and now seek approval of that

agreement from the Court and dismissal of the instant action with prejudice as to LEGOMATIC CONSTRUCTION, LLC. A copy of the Settlement Agreement and Release of FLSA Claims between Plaintiffs and LEGOMATIC CONSTRUCTION, LLC is attached as Exhibit A.

3. The settlement provides that LEGOMATIC CONSTRUCTION, LLC will pay Plaintiffs and their attorneys $25,000. There will be a payment plan over the course of three and a half months with the first $10,000 due within 15 days of court approval and then $5,000 each month thereafter.

4. In exchange for all payments made under the terms of the Settlement Agreement and Release of FLSA Claims, Plaintiffs agree to release LEGOMATIC CONSTRUCTION, LLC from their claims under the FLSA.

5. The amount of attorneys' fees and costs represents a reasonable amount of attorneys' fees and costs. This case has been litigated for over four months. To date, Plaintiff's counsel has prepared and filed the Complaint and Motion for Conditional Certification. Further, the parties engaged in extensive substantive negotiations with respect to the wages portion and attorneys' fees portion of this settlement. The Plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to Plaintiff and the Opt-ins. ***Bonetti v. Embarq Mgmt. Co.***, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

6. As described more fully below, the parties agree this is a fair and reasonable settlement of a bona fide dispute as to Plaintiffs' FLSA claims.

7. Therefore, the parties are submitting this Motion and the Settlement Agreement and Release of FLSA Claims to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiffs' FLSA claims against LEGOMATIC CONSTRUCTION, LLC, and for dismissal of the instant action with prejudice as to LEGOMATIC CONSTRUCTION, LLC.

**MEMORANDUM OF LAW**

**A. Standard of Review.**

This action arises under the FLSA. In ***Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor***, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." ***Id.*** at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." ***Id.*** at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." ***Id.*** at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." ***Id.*** at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of counsel.

***Leverso v. South Trust Bank of Ala., Nat. Assoc***., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding

a settlement fair. **Hamilton v. Frito-Lay, Inc.**, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing **Cotton v. Hinton**, 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B. There Is a Bona Fide Dispute as to Plaintiffs' FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In **Dees v. Hydradry, Inc.**, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiffs asserted that they worked numerous hours of unpaid off the clock overtime during the applicable limitations period. Plaintiffs asserted that they were jointly employed by LEGOMATIC CONSTRUCTION, LLC and ZMG Construction Inc. LEGOMATIC CONSTRUCTION, LLC's primary argument in defense of Plaintiffs' claims is that it did not require Plaintiffs to work "off the clock" and in fact acted in good faith at all times in compensating Plaintiffs for work performed. LEGOMATIC CONSTRUCTION, LLC also asserted that Plaintiffs never worked off the clock and that the hours Plaintiffs asserted they worked were greatly exaggerated or not compensable. After considering the above disputes, the parties agreed to compromise their FLSA claims. Pursuant to the Settlement Agreement and Release of FLSA Claims, Plaintiffs are being paid a fair amount in overtime compensation, in addition to the amounts being paid to their attorney for fees.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. **Dees**, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvably close on

4

the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the parties agree that there is a bona fide dispute as to whether Plaintiffs ever worked off the clock.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See ***Helms v. Central Fla. Reg. Hosp.,*** 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiffs were represented by Law Office of W. John Gadd, P.A., and LEGOMATIC CONSTRUCTION, LLC was represented by Rissman, Barrett, Hurt, Donahue, McLain & Mangan, P.A. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims asserted by Plaintiffs. As noted above, Plaintiffs contend LEGOMATIC CONSTRUCTION, LLC did not pay overtime compensation to which they were entitled under the FLSA. LEGOMATIC CONSTRUCTION, LLC maintains that Plaintiffs never worked off the clock. Even if Plaintiffs did work off the clock, the amount worked off the clock was far less than what was claimed by Plaintiffs. If the parties continued to litigate this matter, they would be forced to engage in a costly trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchanges of information, data and documents to allow counsel and the Court to act intelligently in this matter. In

agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiffs' probability of success on the merits and the amount they would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. Notably, a reasonable fact finder would need to analyze whether Plaintiffs actually worked both the "off-the-clock" hours that were less then forty (40) and the alleged overtime hours claimed to have been worked "off-the-clock" in the same workweek. LEGOMATIC CONSTRUCTION, LLC disputes that Plaintiffs will be able to prove that they worked the number of hours alleged each workweek.

Plaintiffs also considered their ability to prove knowledge by LEGOMATIC CONSTRUCTION, LLC of the alleged work performed "off-the-clock," as is required under the case law governing FLSA claims. See, e.g., **Fletcher v. Universal Tech. Inst., Inc.**, 2006 WL 2297041 *1 (M.D. Fla. June 15, 2006) ("a plaintiff must show that his employer had knowledge … of his overtime worked."). Plaintiffs further considered the viability of certain defenses of LEGOMATIC CONSTRUCTION, LLC such as its unclean hands defenses, and "good faith" defense. Additionally, Plaintiffs considered whether the two-year or three-year statute of limitations should apply to this case. Finally, the last consideration was Plaintiffs' desire for resolution with the last remaining defendant in this matter and the settlement previously reached with co-defendant, ZMG Construction Inc. Throughout the litigation, Defendant has and still maintains that Plaintiffs did not work any unpaid overtime. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and resources by the parties, the exact amount of Plaintiffs' recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. See **Helms**, 2006 U.S. Dist. LEXIS at *6-7. This

case has been litigated for over four months. Plaintiffs' counsel has prepared and filed the Complaint and a Motion for Conditional Certification. Further, the parties engaged in numerous weeks of intensive negotiations with respect to both the wages due to Plaintiffs and the amount of attorneys' fees once the wages portion of the settlement was agreed upon, and the settlement with LEGOMATIC CONSTRUCTION LLC is in addition to the settlement Plaintiff reached separately with co-defendant ZMG Construction Inc. The attorney's fees awarded are reasonable given the stage of litigation and the amount of work performed in this case and, therefore, the Court should approve the settlement of Plaintiffs' FLSA claims. Furthermore, Plaintiffs' counsels' fees were agreed upon separately and without regard to the amount paid to each Plaintiff. ***Bonetti v. Embarq Mgmt. Co.***, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## CONCLUSION

The FLSA settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiffs' FLSA claims, with prejudice.

WHEREFORE, Plaintiffs and Defendant LEGOMATIC CONSTRUCTION, LLC respectfully request that the Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' claims under the Fair Labor Standards Act as they relate to LEGOMATIC CONSTRUCTION, LLC; (iii) DISMISSING Plaintiffs' FLSA claims with prejudice against LEGOMATIC CONSTRUCTION, LLC; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated: October 19, 2016

| | |
|---|---|
| */S/John W. Gadd* | */s/Bryan R. Snyder* |
| W. JOHN GADD, ESQUIRE | BRYAN R. SNYDER, ESQUIRE |
| Florida Bar No. 463061 | Florida Bar No.: 042340 |
| Mazaheri & Gadd, P.A. | Email: brs.service@rissman.com |
| 2727 Ulmerton Road | RISSMAN, BARRETT, HURT, |
| Suite 210 |   DONAHUE, McLAIN & MANGAN, P.A. |
| Clearwater, FL  33762 | 1 N. Dale Mabry Hwy., 11th Floor |
| (727) 524-6300 | Tampa, FL  33609 |
| Attorney for Plaintiff | Telephone: (813) 221-3114 |
| | Facsimile:    (813) 221-3033 |
| | Attorney for Defendant, |
| | Legomatic Construction, LLC |

BRS/sqf